## ALYCEKAY COMPANY v HASKO CONSTRUCTION COMPANY, INC.

Docket No. 104640. Submitted March 15, 1989, at Lansing. Decided August 1, 1989.

Alycekay Company filed suit against Hasko Construction Company, Inc., and Pyramid Construction in Oakland Circuit Court for damages resulting from faulty installation of a building roof. Hasko and Pyramid, acting as a joint venture, were the general contractors involved in the construction project. C. Jordan & Son, Inc., was the subcontractor providing labor and materials for the roof installation. When Alycekay filed suit, Jordan was in Chapter 11 bankruptcy. Hasko and Pyramid sought and obtained an order from the bankruptcy court lifting the automatic stay of proceedings against Jordan and filed a cross-complaint against Jordan, seeking indemnification for damages which the court might award against them. A copy of the cross-complaint was mailed to Jordan's trustee in bankruptcy. Jordan did not respond, and Hasko and Pyramid mailed a notice of intention to take default to Jordan's trustee. Five days later, Hasko and Pyramid mailed a notice of hearing on their motion for default judgment to the trustee. At the hearing, the court, Francis X. O'Brien, J., granted a default judgment to Hasko and Pyramid in the amount of $59,442.28. A true copy of the judgment was served on the trustee. Seven months later, Jordan filed a motion to set aside the default judgment. The motion was denied. Jordan appealed.

The Court of Appeals *held:*

1. Hasko and Pyramid's failure to send the pleadings to Jordan's corporate office was not a substantial defect in the proceedings which would demonstrate good cause to set aside the default judgment. The failure to mail a copy of the complaint to Jordan's principal office did not deprive the trial court of personal jurisdiction over Jordan. The service of process

### REFERENCES

Am Jur 2d, Judgments §§ 682, 717, 740, 757.

See the Index to Annotations under Default Judgments; Discretion of Court; Process and Service of Process and Papers.

which was effected satisfied fundamental requirements of due process and was not a substantial defect in the proceedings.

2. Failure to mail the notice of intent to take a default to the corporate office of Jordan was not a substantial defect in the proceedings. All interested parties were apprised of the status of the claim in time to take appropriate action.

3. The failure of Hasko and Pyramid to file a default and to serve it along with an affidavit of default was not a substantial defect in the proceedings. Jordan received notice of intent to take a default and therefore had notice that a default judgment was imminent.

4. Jordan has failed to show that it was prejudiced by Hasko and Pyramid's failure to file a default. The failure to file a default therefore is not a substantial defect in the proceedings and does not constitute good cause to set aside the default judgment.

Affirmed.

1. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT.

A party seeking to have a default judgment set aside must demonstrate both good cause and a meritorious defense; good cause for setting aside a default judgment includes (1) a substantial irregularity or defect in the proceeding upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the judgment were allowed to stand.

2. PROCESS — SERVICE OF PROCESS — TRUSTEES IN BANKRUPTCY — PERSONAL JURISDICTION.

The failure of a plaintiff to mail a copy of the complaint to the principal office of a corporate defendant which had filed for bankruptcy did not deprive the trial court of personal jurisdiction over the defendant where copies of the pleadings were served on the trustee in bankruptcy and there was an indication that a corporate office for the defendant no longer existed.

3. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT.

A default judgment will not be reversed on the basis of a procedural error where neither party suffers prejudice due to the error (MCL 600.2315[11]; MSA 27A.2315[11]).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Hasko Construction Company, Inc.

*Gromek, Bendure & Thomas* (by *John A. Lydick*), for C. Jordan & Son, Inc.

Before: Doctoroff, P.J., and Maher and Marilyn Kelly, JJ.

Per Curiam. Appellant, C. Jordan & Son, Inc., appeals as of right from the circuit court's order denying its motion to set aside a default judgment. We affirm.

Plaintiff, Alycekay Company, brought suit for property damage resulting from faulty installation of a building roof. Appellees Pyramid Construction and Hasko Construction Company, Inc., acting as a joint venture, were the general contractors. Jordan was a subcontractor providing labor and materials for the roof installation. When plaintiff filed suit, Jordan was in Chapter 11 bankruptcy. Hasko and Pyramid sought and obtained an order from the bankruptcy court lifting the automatic stay of proceedings against Jordan. On November 3, 1986, Hasko and Pyramid filed a cross-complaint against Jordan seeking indemnification for damages which the court might award against them. They mailed a copy of the cross-complaint to Jordan's trustee in bankruptcy.

When Jordan did not respond by November 19, Hasko and Pyramid mailed a document entitled "Notice of Intention to Take Default" to Jordan's trustee. Hearing was scheduled for November 26. Five days later Hasko and Pyramid mailed the trustee a notice of hearing on their motion for default judgment scheduled for December 10. A renotice of hearing for December 17 was also mailed. At the December 17 hearing, the trial court granted a default judgment in the amount of $59,442.28. Counsel for Hasko and Jordan served a true copy of it on Jordan's trustee.

Seven months later, on July 17, 1987, Jordan filed a motion to set aside the default judgment. The trial court denied the motion.

Whether a default judgment should be set aside is a decision within the sound discretion of the trial court. It will not be reversed on appeal absent a showing of clear abuse of discretion. *Dollar Rent-A-Car Systems v Nodel Const,* 172 Mich App 738, 741; 432 NW2d 423 (1988); *Deeb v Berri,* 118 Mich App 556; 325 NW2d 493 (1982). The moving party must demonstrate both good cause and a meritorious defense. *Deeb, supra,* p 561. Good cause includes: (1) a substantial irregularity or defect in the proceeding upon which the default was based; (2) a reasonable excuse for failure to comply with the requirements that created the default; or (3) some other reason showing that manifest injustice would result if the judgment were allowed to stand. *Reed v Walsh,* 170 Mich App 61, 64; 427 NW2d 588 (1988).

Jordan attempts to demonstrate good cause based on substantial defects or irregularities in the proceeding. It cites the failure of Hasko and Pyramid to mail a complaint, summons and notice of intent to take a default to Jordan's corporate office. It complains also of their omission to file a default and affidavit of default. The trial court, citing *Bunner v Blow-Rite Insulation Co,* 162 Mich App 669; 413 NW2d 474 (1987), concluded that the failure to send the pleadings to the corporate office was not a substantial defect. The court did not address the failure to file a default.

MCR 2.105(D)(2) provides that service of process on a corporation in bankruptcy may be made by serving the trustee and mailing a copy of the complaint to the corporation's principal office. Pyramid admits that it did not mail a copy of the complaint to Jordan's principal office. Where ser-

vice of process is defective, the trial court may be deprived of personal jurisdiction over the defendant and left without legal authority to render a judgment. *Dogan v Michigan Basic Property Ins Ass'n,* 130 Mich App 313, 320; 343 NW2d 532 (1983).

We conclude that the failure to mail a copy of the complaint to the principal office in this case did not deprive the trial court of personal jurisdiction. First, there is some indication that no corporate office for Jordan existed in November, 1986. Secondly, the record reveals the trustee received actual notice of the claim. Therefore, the service of process which was effected satisfied fundamental requirements of due process and was not a substantial defect. See *Bunner, supra.*

We also conclude that the failure to mail the notice of intent to take a default to the corporate office of Jordan was not a substantial defect. Notice of intent to enter default was sent to the trustee. In addition, Hasko and Pyramid sent a copy of the notice of hearing on their motion for entry of default judgment both to the trustee and to Jordan's insurance agent. Hence all interested parties were apprised of the status of the claim in time to take appropriate action.

Jordan argues that the failure to file a default and to serve it along with an affidavit of default was a substantial defect. We disagree. The entry of a default is generally a ministerial act. *Emmons v Emmons,* 136 Mich App 157, 163; 355 NW2d 898 (1984). Moreover, even though a default was never entered, Jordan did receive notice of intent to take a default. Therefore, it had notice that a default judgment was imminent.

In addition, Jordan has not shown, as it must, that it was prejudiced by this procedural error. MCL 600.2315; MSA 27A.2315 provides:

When a verdict has been rendered in a cause, the judgment thereon shall not be stayed, nor shall any judgment upon confession, or *default,* be reversed, impaired, or in any way affected, by reason of the following imperfections, omissions, defects, matters or things, or any of them, in the pleadings, process, record or proceedings, namely:

\* \* \*

(11) For any other default or negligence of a clerk or officer of the court, *or of the parties,* or their counselors or attorneys, by which neither party shall have been prejudiced. [Emphasis added.]

As the failure of Hasko and Pyramid to file a default did not prejudice Jordan, it is not a substantial defect and does not constitute good cause to set aside the default judgment.

Jordan disputes the trial court's conclusion that its affidavit did not show a meritorious defense. We find it unnecessary to address this issue given our conclusion that Jordan did not establish good cause to set aside the default judgment. *Deeb, supra,* p 561.

Affirmed.