# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF DEARBORN HEIGHTS,

Plaintiff-Appellee,

v

GEDIMINAS GELDYS, a/k/a GEDEMINAS
GELDYS,

Defendant-Appellant.

UNPUBLISHED
October 20, 2015

No. 321729
Wayne Circuit Court
LC No. 13-002788-CE

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM.

Plaintiff, the city of Dearborn Heights ("the city"), brought this action against defendant, as the owner of a residential structure, to enforce its property maintenance code after defendant failed to comply with a demolition order regarding the structure. Defendant appeals as of right the trial court's final amended default judgment, which awarded the city $22,549, plus statutory interest, for its actual cost in demolishing the structure and restoring the premises. We affirm.

In May 2012, the city issued an order of demolition after it determined that defendant's house was unsafe and unfit for human habitation and constituted a dangerous structure. The demolition order indicated that the house was old and dilapidated and had "become so out of repair as to be dangerous, unsafe, [and] unsanitary[,]" making it "unreasonable to repair the structure." The demolition order barred entry into the house and required defendant to "demolish and remove the structure[] and restore the site" in accordance with the dates set forth in an attached exhibit. The exhibit referred to the specific code violations, identified required corrections relative to each violation, and set time limits to make the corrections, ranging from 5 to 14 days. Defendant did not comply with the demolition order. The demolition order had expressly stated that defendant had a right to appeal the order to the city's demolition board of appeals within 20 days. Defendant failed to properly appeal the order to the demolition board of appeals. Defendant then proceeded to file an appeal of the demolition order in the circuit court.

In February 2013, while defendant's circuit court appeal remained pending, the city filed the instant action, alleging that defendant had violated its property maintenance code, that the time-period to make the necessary repairs had elapsed, and that the house constituted a nuisance subject to abatement. The city sought a declaration that its procedures had satisfied due process requirements and that the property was a nuisance, violating state law and city codes and

-1-

ordinances. The city also requested various forms of injunctive relief and a monetary judgment. In April 2013, the city's lawsuit and defendant's separate circuit court appeal were consolidated. In May 2013, defendant's circuit court appeal was dismissed for failure to conform to the requirements of MCR 7.104(D), leaving only the city's action pending. Defendant appealed to this Court by delayed application for leave, challenging the dismissal of his circuit court appeal, and this Court eventually denied the application "for lack of merit in the grounds presented." *Geldys v City of Dearborn Hts*, unpublished order of the Court of Appeals, entered December 11, 2014 (Docket No. 322271).

With respect to the city's lawsuit against defendant, in July 2013, the city filed a request with the court clerk for entry of a default for defendant's failure to plead or defend against the city's complaint. The record does not reflect that the clerk actually signed or entered the default. In July 2013, the city filed a motion for summary disposition with respect to its complaint, which motion was ultimately never adjudicated. In August 2013, the city filed a motion for entry of a default judgment, given defendant's failure to answer the city's complaint or to otherwise challenge the suit. The city attached certified mail receipts showing that service of the summons and complaint on defendant had been achieved. In September 2013, the trial court entered a default judgment against defendant in which the court granted the city the relief sought in its complaint. The court retained jurisdiction for purposes of enforcement of the default judgment and to enter an amended default judgment "should the [c]ity be forced to incur the additional expense in clearing and restoring the property, including the cost of demolishing any and all structures located on the property, together with any additional administrative fees incurred in performing this additional work." In December 2013, the trial court denied defendant's motion for reconsideration of the default judgment.

In January 2014, defendant filed a motion to set aside the default judgment, and the city moved for entry of a final amended default judgment. In February 2014, the trial court denied defendant's motion to set aside the default judgment. At the hearing, the trial court concluded that defendant had been properly served with the city's summons and complaint and that defendant did not articulate a meritorious defense. At the same hearing in February 2014, the trial court indicated that it would enter an amended default judgment once the court obtained verification regarding costs and fees incurred by the city.

At a hearing on April 11, 2014, the trial court mentioned that it had recently rejected a proposed amended default judgment submitted by the city because it had not been served under the seven-day rule, MCR 2.602(B)(3). The trial court directed the city to submit the proposed amended default judgment under the seven-day rule. The city did so that very day, serving a notice of presentment and proposed amended default judgment on defendant on April 11, 2014. On Monday, April 21, more than seven days after defendant had been served with the notice and proposed judgment, defendant filed an objection to the city's proposed amended default judgment. In the objection, defendant did not challenge the "accuracy or completeness of the judgment," MCR 2.602(B)(3)(b), but instead raised arguments claiming that the cited code violations were unfounded, challenging the legal validity of the procedures employed by the city in ordering demolition, and asserting constitutional and statutory claims. The objection contained a hand-scribbled notation that the court had been closed on the afternoon of Friday, April 18, 2014, which was the seventh day following service of the notice and proposed amended default judgment.

-2-

On April 21, 2014, the same day that defendant had filed his objection, the trial court entered the final amended default judgment submitted by the city, which contained much of the same language found in the original default judgment. It now further provided that the city was awarded "its actual costs incurred in the demolition and restoration of the . . . premises . . . in the amount of $22,548.64 plus statutory judgment interest incurred in bringing this action to enforce the code, entered as a personal money judgment against [d]efendant . . . and secured by a lien . . . against the subject property[.]" On April 28, 2014, the trial court entered an opinion and order ruling that defendant had failed to timely object to the proposed amended default judgment. The court thus rejected the objection. Defendant did not move to set aside the final amended default judgment, nor did he seek reconsideration, and he proceeded to file this appeal.

Defendant first argues that the trial court committed an error of law by failing to accept his objection to the city's proposed final amended default judgment. MCR 2.602(B)(3)(a) provides:

> If no written objections are filed within 7 days [after service of notice, see (B)(3)], the clerk shall submit the judgment or order to the court, and the court shall then sign it if, in the court's determination, it comports with the court's decision. If the proposed judgment or order does not comport with the decision, the court shall direct the clerk to notify the parties to appear before the court on a specified date for settlement of the matter.

Defendant had been served with the notice of presentment and proposed judgment on April 11, 2014, and failed to object by April 18, 2014. MCR 1.108 provides in relevant part:

> In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:
>
> (1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order.

The last day of the seven-day period, Friday, April 18, 2014, was Good Friday, and we shall take judicial notice of the fact that the Wayne Circuit Court was indeed formally closed by the court on the afternoon of April 18, 2014. We are uncertain how a *half-day* closure affects the computation of time under MCR 1.108 for purposes of calculating the seven-day period under MCR 2.602(B)(3)(a). We, however, find it unnecessary to address and rule on the correct interpretation of MCR 1.108 with respect to a half-day closure. Regardless of whether defendant's objection was timely, defendant did not argue that the proposed final amended default judgment did not "comport[] with the court's decision[,]" MCR 2.602(B)(3)(a), nor did he challenge the "accuracy or completeness of the judgment[,]" MCR 2.602(B)(3)(b). Instead, defendant attempted to litigate the substance of the parties' dispute. Accordingly, defendant's objection was meritless. Assuming error by the trial court in finding defendant's objection untimely, the error was harmless. MCR 2.613(A).

Defendant next raises several issues relating to the trial court's order denying his motion to set aside the original default judgment. Defendant fails to substantively address many of his stated issues, or merely requests this Court to review the ruling to determine the basis of any issues or problems. An appellant may not merely announce a position and leave it to this Court to discover and rationalize the basis for a claim. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959); *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court."). Therefore, to the extent that defendant raises issues and fails to offer any argument sufficient to permit meaningful review, he has failed to establish any entitlement to relief.

To the extent that defendant presents cognizant claims challenging the trial court's decision denying his motion to set aside the default judgment under MCR 2.603(D), we review the trial court's decision for an abuse of discretion. *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 272; 803 NW2d 151 (2011); *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 223-224; 600 NW2d 638 (1999). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

"A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1); see *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 653; 617 NW2d 373 (2000). A defaulted party may also seek relief in accordance with MCR 2.612. MCR 2.603(D)(3). In *Barclay*, 241 Mich App at 653, this Court addressed the required analysis under MCR 2.603(D)(1):

> Michigan law generally disfavors setting aside default judgments that have been properly entered. In *Alken-Ziegler,* the Supreme Court explained that the "good cause" and "meritorious defense" requirements of MCR 2.603(D)(1) are analytically different concepts and that a party must show both in order to prevail on a motion to set aside a default judgment. Good cause is established by (1) a procedural irregularity or defect, or (2) a reasonable excuse for not complying with the requirements that created the default. Manifest injustice is *not* a third form of good cause that excuses a failure to comply with the court rules where there is a meritorious defense. Rather, it is the result that would occur if a default were not set aside where a party has satisfied the "good cause" and "meritorious defense" requirements of the court rule. While a lesser showing of good cause will suffice where the meritorious defense is strong, good cause must still be shown in order to prevent a manifest injustice. [Citations omitted.]

Defendant has not established good cause to set aside the default judgment. He has failed to address, let alone establish, a reasonable excuse for his failure to comply with the requirement that created the default, namely, his failure to answer the city's complaint. In addition, the only potential procedural irregularity or defect suggested by the record is the apparent failure to obtain entry of the default by the court clerk. Nonetheless, the court clerk's duty to enter the default is generally only a ministerial act. *Alycekay Co v Hasko Constr Co, Inc*, 180 Mich App 502, 506; 448 NW2d 43 (1989). The panel in *Alycekay Co* stated that the defaulted party "has not shown,

as it must, that it was prejudiced by th[e] procedural error." *Id.* Here, there is no dispute that defendant had not filed an answer or otherwise defended against the city's complaint within the required timeframe when the default request was submitted to the clerk, nor had defendant filed an answer or defended against the suit by the time the city filed its subsequent motion for entry of a default judgment. Thus, defendant has not shown any prejudice related to the lack of entry of a default by the court clerk. Accordingly, defendant did not establish "good cause" for failing to timely file an answer or otherwise challenge the city's action. And absent any showing of good cause, defendant's reliance on "manifest injustice" as a basis for setting aside the default judgment fails. *Barclay*, 241 Mich App at 653.

Although unnecessary to reach the issue, we also hold that the record supports the trial court's determination that defendant failed to present an affidavit of facts showing a meritorious defense to the city's case.[1] Defendant's "affidavit," dated January 23, 2014, fails to establish a meritorious defense. Considering the photographs and reports available to the trial court to evaluate the conditions of the property at the time the city executed an administrative search warrant, there is no basis for concluding that defendant could prevail in defending against the city's claim that his house constituted a public nuisance subject to abatement. We reject defendant's argument that the trial court's consideration of additional materials filed by the city in support of its motion for entry of the final amended default judgment, including a neighboring property owner's affidavit and a demolition company's proposal and accompanying letter, provides any basis for disturbing the trial court's determination that a meritorious defense was not established.

Furthermore, there is no merit to defendant's argument that a challenge to the validity of the administrative search warrant itself could have provided a meritorious defense on the ground that it would have led to the exclusion of evidence. First, defendant has not established the invalidity of the administrative search warrant. Second, defendant fails to support his argument with citation to relevant authority recognizing the remedy of suppression of the evidence in the context of alleged deficiencies in an administrative search warrant relative to civil proceedings.

We also reject defendant's argument that the substantive and procedural protections provided by the Due Process Clause could have provided a meritorious defense to the city's case. There is nothing in the record remotely suggesting that defendant's procedural and substantive

---

[1] We also note that this Court's order denying defendant's delayed application for leave *on the merits* relative to defendant's circuit court appeal of the demolition order makes us question whether any defenses presented by defendant challenging demolition as to the city's lawsuit remain viable under the doctrines of "law of the case" or collateral estoppel. Most of the defenses to the demolition order cited by defendant in his application for leave are the same claimed "meritorious" defenses here. We would also note that defendant's motion to set aside the default judgment was generally untimely under MCR 2.603(D)(2)(b), which requires the motion to be filed "within 21 days after the default judgment was entered[,]" except as to arguments made under MCR 2.612. Defendant filed his motion more than three months after the original default judgment was entered.

due process rights were violated. Defendant was afforded notice and an opportunity to be heard at a meaningful time and in a meaningful manner for purposes of procedural due process, and, for purposes of substantive due process, the city's demolition procedures applicable to dangerous structures advanced a reasonable governmental interest and were not arbitrary or capricious. *Bonner v City of Brighton*, 495 Mich 209, 227-228, 235; 848 NW2d 380 (2014).

We next reject defendant's reliance on MCR 2.612(C)(3) in support of the argument that his challenge of the administrative search warrant provides a ground for setting aside the default judgment based on fraud on the court. MCR 2.612(C)(3) pertains, in part, to "an independent action" seeking to "set aside a judgment for fraud on the court." There was no such action here. In any event, fraud on the court occurs where a party conceals some material fact from the court or makes some material misrepresentation to the court. *Matley v Matley (On Remand)*, 242 Mich App 100, 101; 617 NW2d 718 (2000). And the record simply does not support any finding of fraud on the court.

In sum, considering defendant's failure to establish good cause and a meritorious defense for setting aside the default judgment, the trial court did not abuse its discretion in denying defendant's motion to set aside the default judgment. Contrary to defendant's argument on appeal, the trial court was not required to contemplate a less severe sanction. Defendant's reliance on principles governing discovery sanctions under MCR 2.313(B)(2)(c) is misplaced because the trial court did not order a discovery sanction.

Lastly, as defendant concedes, his arguments concerning the disconnection of utilities to the structure, whether the city should be liable to him for damages, and whether he is entitled to a jury trial to determine those damages do not directly relate to the default proceedings.[2] Because defendant could not proceed in this action without the default judgment being set aside, MCR 2.603(A)(3), because we are affirming the trial court's decision refusing to set aside the default judgment, and because defendant never filed a counterclaim, we need not address these issues. In sum, we have reviewed all of the arguments posed by defendant in his appellate brief and conclude that none of them warrant reversal.

Affirmed. Having fully prevailed on appeal, the city is awarded taxable costs pursuant to MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ William B. Murphy

---

[2] We note that defendant never properly advanced any argument that he was entitled to a hearing or trial with respect to the city's claimed damages or incurred costs. See MCR 2.603(B)(3)(b).