# STATE OF MICHIGAN

# COURT OF APPEALS

BANK OF AMERICA,

        Plaintiff-Appellee,

v

5-3 GREENWAY TRUST and MATTHEW J.
CREHAN, as Trustee of the 5-3 GREENWAY
TRUST,

        Defendants-Appellants.

UNPUBLISHED
December 22, 2015

No. 324043
Kent Circuit Court
LC No. 14-003426

Before: OWENS, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff Bank of America ("the bank"), as mortgagee, judicially foreclosed on a mortgage with respect to a condominium unit ("the property"), purchased the property at a sheriff's sale for $129,913, filed a summary-proceedings action in district court after the redemption period expired absent redemption, and obtained a default possession judgment in the district court. The Meadows Condominium Association (MCA) recorded, during the above-referenced redemption period, a notice of lien for $1,822 in unpaid assessments. And, after the bank had been awarded its default possession judgment, a sheriff's sale was conducted on the condominium lien, resulting in a purchase of the property for $5,225 by defendant 5-3 Greenway Trust ("the trust") through defendant Matthew J. Crehan, as trustee of the trust,[1] and triggering the commencement of a new redemption period. The trust made efforts to shorten the redemption period on the basis of alleged abandonment of and damage to the property, while the bank attempted to exercise the right of redemption by inquiring about the redemption amount and tendering a payment to the register of deeds. The trust ignored the bank's inquiries and rejected the tendered payment on the basis that they were untimely in light of the expiration of the purportedly-shortened redemption period. The trust had also initiated its own summary-proceedings action in district court, obtaining a default possession judgment against the bank,

---

[1] For purposes of this opinion and ease of reference, and given that Crehan was sued in his capacity as trustee of the trust, we shall refer to defendants collectively as "the trust," unless otherwise indicated.

-1-

which was not directly challenged by the bank. This quiet-title action ensued in the circuit court to settle the competing claims and interests. The trust appeals as of right the circuit court's order granting summary disposition and quieting title in favor of the bank. This appeal ultimately comes down to whether the circuit court collaterally attacked the district court's possession judgment entered in favor of the trust and, if so, whether the circuit court had the authority to engage in the collateral attack. We hold that the circuit court's ruling was a collateral attack on the possession judgment and that the collateral attack was impermissible, given that there was not a want of personal or subject-matter jurisdiction relative to the district court action. Accordingly, we reverse the circuit court's ruling and remand for entry of judgment quieting title in favor of the trust.

We initially note that the bank does not dispute that it failed to pay required MCA assessments after obtaining legal title to the property, that MCA held a valid lien on the property due to the unpaid assessments, that MCA's recorded notice of lien was valid, that MCA's notice of foreclosure sale was legally sound, that the subsequent sheriff's sale wherein the trust purchased the property was conducted in accordance with the law, and that the trust obtained equitable title to the property under the sheriff's deed. The record also fully supports these propositions. After the redemption period commenced relative to MCA's sheriff's sale, but before the general six-month redemption period expired, MCL 559.208(2), the trust filed its complaint in the district court to recover possession of the property through summary proceedings, MCL 600.5701 *et seq.* The trust filed the complaint on the basis that the property had been abandoned, thereby shortening the redemption period to one month, see MCL 559.208(2), and that the shortened redemption period had expired absent redemption by the bank, entitling the trust to possession.[2] The trust also cited MCL 600.3240(13)(b) in its district court complaint, as based upon the property having a boarded-up window.[3] For the time period at issue, the relied-upon and short-lived language in subsection (13) of the statute was fully applicable, and it provided, in relevant part, as follows:

> After the sale under section 3220 and periodically throughout the redemption period, the *purchaser* at the sale may inspect the exterior and interior of the property and all ancillary structures. If inspection is unreasonably refused or if damage to the property is imminent or *has occurred*, the *purchaser* may *immediately* commence summary proceedings for possession of the property under chapter 57 . . . . A court shall not enter a judgment for possession in an

[2] Given the trust's position that the redemption period had expired without redemption by the bank, the trust ignored letters from the bank's counsel requesting a redemption computation.

[3] With respect to the relied-upon language in subsection (13) of MCL 600.3240, it was inserted into the statute pursuant to 2013 PA 104, and made effective January 10, 2014, which was during the redemption period following MCA's December 18, 2013 sheriff's sale, even if shortened to one month, and before the trust commenced its district court action. Under 2014 PA 125, effective June 19, 2014, which was after the circuit court litigation eventually began, the relied-upon language in MCL 600.3240(13) was deleted by the Legislature.

action under chapter 57 if, before the hearing for possession, the mortgagor repairs any damage to the property that was the basis for the action. *If a judgment for possession is entered in favor of the purchaser, the right of redemption is extinguished and full title to the property vests in the purchaser*. As used in this subsection, "damage" includes, but is not limited to, any of the following:

. . .

(b) *A boarded up or closed off window* or entrance.  [Emphasis added.]

A default possession judgment was later entered by the district court against the bank and in favor of the trust, providing the trust with the right of possession.  Significantly, the bank never filed a motion in the district court to set aside the default judgment of possession, never moved for relief from the possession judgment, and never filed a circuit court appeal of the judgment.  The trust subsequently refused to accept a redemption payment submitted by the bank to the county register of deeds.  The bank then filed the instant circuit court quiet-title complaint, and the court eventually granted summary disposition and quieted title in favor of the bank.

With respect to the circuit court's findings and conclusions that provided the substantive basis for its ruling, the court determined that the redemption period had not expired by the date that the district court action was commenced, given that an underlying affidavit of abandonment recorded by the trust was a nullity, and that MCL 600.5714(1) thus did not provide a ground for purposes of summary proceedings that would have supported an entitlement to possession by the trust.[4]  The circuit court determined that the affidavit of abandonment was a nullity on the basis that the trust was a foreclosure-sale purchaser and not a "mortgagee," as required by MCL 600.3241a in relation to employing abandonment procedures and obtaining an abandonment designation.  The trust had referenced MCL 600.3241a in the affidavit of abandonment, but later argued that MCL 559.208(2) of the Condominium Act allowed purchasers to pursue an abandonment, which argument was rejected by the circuit court, and which issue we need not resolve.  The circuit court's determinations that there was no legally-sound abandonment of the property, that the six-month redemption period was thus controlling, and that the district court action was therefore invalid because the trust had no basis to proceed under MCL 600.5714(1), clearly and indisputably constituted a collateral attack on the district court possession judgment.  With respect to former MCL 600.3240(13)(b), the only direct finding made by the circuit court was that the claim of a damaged or boarded-up window was not adequately identified and

---

[4] MCL 600.5714(1) lists numerous circumstances in which a person entitled to possession may recover possession by summary proceedings, and MCL 600.5714(1)(g) is the only provision that could have conceivably applied in this case, allowing for a possession judgment "[w]hen a person continues in possession of premises sold by virtue of a mortgage or execution, after the time limited by law for redemption of the premises."  We note that MCL 600.5714(1) does not contain a provision or language that would fit the circumstances outlined in former MCL 600.3240(13), but subsection (13) clearly authorized an action for summary proceedings.

-3-

established in the district court case, which also constituted a collateral attack on the validity of the possession judgment.[5] The trust appeals the circuit court's disposition of the case.

This Court reviews de novo a trial court's decision on a motion for summary disposition, *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011), issues of statutory construction, *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008), a trial court's ruling on equitable matters, including a quiet-title determination, *Richards v Tibaldi*, 272 Mich App 522, 528; 726 NW2d 770 (2006), and jurisdictional questions, *Kar v Nanda*, 291 Mich App 284, 286; 805 NW2d 609 (2011).

The trust strenuously maintains that the circuit court's ruling constituted an improper collateral attack on the district court's judgment. We agree. A collateral attack is "[a]n attack on a judgment entered in a different proceeding." *Black's Law Dictionary* (7th ed). Collateral attacks threaten the finality of judgments and the preservation of scarce judicial resources. *People v Carpentier*, 446 Mich 19, 37; 521 NW2d 195 (1994). In *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 563-564; 840 NW2d 375 (2013), this Court addressed and rejected an attempt to collaterally attack a district court consent judgment, observing as follows:

> Even assuming arguendo that th[e] monetary component of the stipulated consent judgment exceeded the district court's authority, defendants still could not properly collaterally attack the entry of that judgment. As the Michigan Supreme Court explained in *Bowie v Arder*, 441 Mich 23, 49; 490 NW2d 568 (1992), quoting *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 545; 260 NW 908 (1935) (citation omitted):
>
> "Want of jurisdiction must be distinguished from error in the exercise of jurisdiction. Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked."
>
> In other words, "lack of subject matter jurisdiction can be collaterally attacked[, whereas] the exercise of that jurisdiction can be challenged only on direct appeal." [Citation omitted; alteration in original.]

---

[5] This conclusion by the circuit court was encased in a footnote that the court effectively described as being dicta, so it really is not clear why the circuit court rejected the trust's arguments under MCL 600.3240(13)(b). However, it must be implied that the circuit court indeed refused to honor or accept the possession judgment relative to former MCL 600.3240(13)(b), because if the possession judgment was valid and encompassed that statutory provision, the statute quite clearly required a conclusion that title vested in the trust.

In *Jackson City Bank*, 271 Mich at 544, our Supreme Court explained that "[w]hen there is a *want of jurisdiction over the parties, or the subject-matter*, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly." (Emphasis added.) A collateral attack is allowable only if the assailed court never acquired personal or subject-matter jurisdiction. *Workers' Compensation Agency Dir v MacDonald's Indus Prod, Inc (On Reconsideration)*, 305 Mich App 460, 477; 853 NW2d 467 (2014). Here, the circuit court collaterally attacked the district court judgment, but did not expressly discuss personal and subject-matter jurisdiction.

Subject-matter jurisdiction is established by the pleadings and exists when a proceeding is of a class of cases that the court is authorized to adjudicate and the complaint is not clearly frivolous. *Clohset*, 302 Mich App at 561. "The district court . . . ha[s] jurisdiction over summary proceedings to recover possession of premises under . . . chapter [57]." MCL 600.5704. Further, MCL 600.8302 provides, in relevant part:

> (1) In addition to the civil jurisdiction provided in sections 5704 . . ., the district court has equitable jurisdiction and authority concurrent with that of the circuit court in the matters and to the extent provided by this section.
>
> . . .
>
> (3) In an action under chapter 57, the district court may hear and determine an equitable claim . . . involving a right, interest, obligation, or title in land. [[6].]

The trust's district court action was a suit seeking a judgment of possession in regard to the property, as based on the trust's interest and equitable title acquired by deed at the sheriff's sale,[7] the expiration of a shortened redemption period due to abandonment and absent redemption, and damage to the property, MCL 600.3240(13)(b). The district court proceeding, as reflected in the pleadings, fell within the class of cases that the district court was authorized to adjudicate and the complaint was not clearly frivolous. Although the circuit court did not expressly mention the term jurisdiction, it did conclude that the trust's case failed to satisfy any of the grounds listed in MCL 600.5714(1). Again, MCL 600.5714(1) identifies numerous

---

[6] With respect to summary proceedings in the district court to recover possession of property, MCL 600.5732 provides the court with the authority to enter default judgments. "If the jury or the judge finds that the plaintiff is entitled to possession of the premises, or any part thereof, judgment may be entered in accordance with the finding and may be enforced by a writ of restitution . . . ." MCL 600.5741. "The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory." MCL 600.5750.

[7] See *Fed Nat'l Mtg Ass'n v Lagoons Forest Condo Ass'n*, 305 Mich App 258, 268-269; 852 NW2d 217 (2014).

circumstances in which a person entitled to possession may recover possession by summary proceedings.[8] We do not view MCL 600.5714(1) as a provision concerning subject-matter jurisdiction; rather, it goes to the issue of what must be established by the proofs in order to entitle a party to a judgment of possession. Assuming for the sake of argument that MCL 600.5714(1) constitutes a provision touching on subject-matter jurisdiction, a review of the trust's district court complaint, i.e., the pleadings, reveals a claim that fits within MCL 600.5714(1)(g), which authorizes entry of a possession judgment "[w]hen a person continues in possession of premises . . . after the time limited by law for redemption of the premises."[9] We hold that the district court had subject-matter jurisdiction, and any defects in regard to whether the property could legally be deemed abandoned and whether the redemption period was shortened and expired absent redemption merely went to *the exercise of the court's subject-matter jurisdiction*, which was immune from collateral attack even if exercised in grave error. Also, in the context of the trust's district court claim under former MCL 600.3240(13), although not fitting within any of the circumstances enumerated in MCL 600.5714(1), MCL 600.3240(13) itself effectively gave a district court jurisdiction to entertain an immediate summary-proceedings action when there was an allegation that property incurred damage as found in an inspection undertaken during the redemption period. And the question whether the trust was entitled to judgment on the basis of satisfying the damage criteria in MCL 600.3240(13) went not to the issue of whether the district court had subject-matter jurisdiction, but simply to whether the court had properly exercised its jurisdiction, which was immune from collateral attack even if exercised in grave error. In sum, the district court's judgment was not subject to collateral attack on the basis that it lacked subject-matter jurisdiction.

With respect to whether the district court had personal jurisdiction over the bank, we first note that the district court's jurisdiction to determine the possessory interests in the property generally implicated its in-rem jurisdiction, which the court clearly held, regardless of whether the court had jurisdiction over the bank. See MCL 600.751 ("The courts of record of this state shall have jurisdiction over land situated within the state whether or not the persons owning or claiming interests therein are subject to the jurisdiction of the courts of this state."). Moreover, it is abundantly clear that the district court had general personal jurisdiction over the bank, a corporate entity, given that the bank plainly carried on a continuous and systematic part of its business within Michigan. MCL 600.711(3); *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 166-167; 677 NW2d 874 (2003). We note that there was some evidence presented indicating that the district court summons and complaint was not served on the bank in

---

[8] To quote exactly the introductory sentence in MCL 600.5714(1), "A person entitled to possession of premises may recover possession by summary proceedings in the following circumstances[.]"

[9] We cannot conclude that the collateral-attack analysis, in determining whether there was subject-matter jurisdiction, entails an attacking court reexamining anew whether the redemption period had actually expired and then, on finding that the redemption period had not expired, ruling that the attacked court lacked subject-matter jurisdiction.

compliance with MCR 4.201(D) (service of process in summary-proceedings actions).[10]   In *Alycekay Co v Hasko Constr Co, Inc*, 180 Mich App 502, 505-506; 448 NW2d 43 (1989), this Court observed that "[w]here service of process is defective, the trial court *may be* deprived of personal jurisdiction over the defendant and left without legal authority to render a judgment." (Emphasis added); see also *Dogan v Mich Basic Prop Ins Ass'n*, 130 Mich App 313, 320; 343 NW2d 532 (1983).   We first note that this language is not definitive, and we question the soundness of any proposition suggesting that defective service automatically equates to lack of personal jurisdiction.   Indeed, MCR 2.116(C) distinguishes between dismissal based on lack of personal jurisdiction, (C)(1), and dismissal based on insufficient service of process, (C)(3).   In the context of our collateral-attack analysis under *Clohset*, we hold that the district court generally had personal jurisdiction over the bank to determine its interest in the property given the bank's contacts with Michigan, thereby precluding the circuit court's collateral attack, even though *the exercise of that personal jurisdiction* may have been defective because of improper service of process.   At oral argument in this Court, the bank's counsel agreed that insufficient service of the district court summons and complaint would reflect an improper exercise of personal jurisdiction, not a want of personal jurisdiction.   In sum, the district court's judgment was not subject to collateral attack on the basis that it lacked personal jurisdiction over the bank.

The next question to address concerns the extent of the impact of the possession judgment on the quiet-title ruling.   A default judgment is treated the same as a litigated judgment and is considered a decision on the merits.   *Richards*, 272 Mich App at 531.   "It is an established principle of Michigan law that a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue."   *Wood v DAIIE*, 413 Mich 573, 578; 321 NW2d 653 (1982).   The trust claimed, in part, a right to possession under former MCL 600.3240(13)(b) ("[a] boarded up or closed off window").   It is irrelevant whether the window was actually boarded up or damaged and whether former MCL 600.3240(13) was otherwise satisfied, as the unchallenged default judgment established the claim under MCL 600.3240(13)(b).[11]   The trust also claimed in its district court complaint that the bank was "wrongfully holding over following redemption period of foreclosure sale," which was based on abandonment and a shortened redemption period.   It is irrelevant whether the trust, not being a mortgagee, could seek a determination of abandonment, whether the redemption period was

---

[10] In light of our resolution of this appeal, it is unnecessary for us to determine whether service was legally sound.

[11] The bank argues that MCA boarded-up the window, not the bank, that the bank had no notice of the damage allegation and lost the chance to repair, and that former MCL 600.3240(13) only allowed relief against a "mortgagor," which did not encompass the bank.   However, by failing to directly challenge the default possession judgment, and given the impermissibility of a collateral attack on that judgment, the bank is forced to accept the judgment and the establishment of the trust's claim under MCL 600.3240(13)(b).

shortened, and whether it expired absent redemption, as the unchallenged default judgment established the claim that the bank wrongfully held over following the redemption period.[12]

The bank devotes a great deal of time to the argument that only a circuit court has jurisdiction to determine title to property in quiet-title actions, MCL 600.2932(1),[13] and that a district court only has jurisdiction to determine the right to possession. And therefore, anything determined in the district court or encompassed by the district court possession judgment has no bearing whatsoever on the circuit court's determination of title, which must be independently assessed by the circuit court. This argument lacks merit. First, it fails to appreciate that some possession judgments are necessarily predicated on an underlying title determination, as is the case here; the right of possession by the trust was dependent on its equitable title becoming absolute or legal title on the basis of expiration of the redemption period absent redemption. Second, the bank's argument ignores MCL 600.8302(3), which, again, provides that "[i]n an action under chapter 57, the district court may hear and determine an equitable claim . . . involving a right, interest, obligation, or *title* in land." (Emphasis added.) Finally, the fact that a circuit court has jurisdiction over quiet-title actions to determine interests in land does not mean that previously-entered, unchallenged, and valid possession judgments are irrelevant and have no bearing on the proper determination of title by the circuit court. This is made exceptionally clear in the context of former MCL 600.3240(13), which specifically provided that title vests with entry of a possession judgment. The circuit court was not entitled to disregard this statutory mandate when resolving the quiet-title dispute, considering that there was no jurisdictional problem that would have allowed a collateral attack. Aside from former MCL 600.3240(13), given the unchallenged default possession judgment, it became established that the bank had wrongfully held over following the redemption period. And the circuit court was required,

---

[12] We also note that "[c]ollateral estoppel applies to default judgments; however, the default judgment is conclusive only as to those matters essential to support the judgment." *Rohe Scientific Corp v Nat'l Bank of Detroit*, 133 Mich App 462, 467; 350 NW2d 280 (1984); see also *DAIIE v Higginbotham*, 95 Mich App 213, 219; 290 NW2d 414 (1980). Expiration of the redemption period and a failure to redeem were essential to one of the trust's claims, and damage to the property, i.e., a boarded-up window, and a failure to repair were essential to the claim under former MCL 600.3240(13).

[13] MCL 600.2932(1) provides:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

considering the inability to mount a collateral attack, to accept that premise in rendering its quiet-title ruling.  Of course, accepting that premise dictated a ruling quieting title in favor of the trust.

Reversed and remanded for entry of an order granting summary disposition and quieting title in favor of the trust.  We do not retain jurisdiction.  Having fully prevailed on appeal, the trust is awarded taxable costs under MCR 7.219.

/s/ Donald S. Owens
/s/ William B. Murphy
/s/ Joel P. Hoekstra